UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   AMBER SAENZ,                                                    No. 25-10458-j13

Debtor.

### MEMORADUM OPINION AND ORDER DENYING
### MOTION TO RECONSIDER DENIAL OF PLAN CONFIRMATION

Before the Court is the Debtor's Motion to Reconsider Interlocutory Order ("Motion to Reconsider" – Doc. 45), filed February 23, 2025. First National Bank ("FNB") filed Creditor's, First National Bank, Response and Objection to Debtor's Motion to Reconsider Interlocutory Order [Doc.44], Doc. 45 ("Response" – Doc. 47). The Court conducted oral argument on the Motion to Reconsider at a Status Conference held April 14, 2026.

The Motion to Reconsider asks the Court to reconsider denial of plan confirmation in the Court's Memorandum Opinion and order entered February 9, 2026 (Doc. 43 and Doc. 44).[1] The Court denied confirmation of Debtor's proposed chapter 13 plan (the "Plan" – Doc. 8) based on its determination that the Plan did not satisfy the confirmation requirements of 11 U.S.C. § 1325(a)(5)(B)(ii)[2] because it did not provide for payment of the full value of FNB's secured claim over the Plan term. The Court did not consider whether the Plan could have been confirmed under § 1322(b)(5) because the Debtor did not seek confirmation under that statutory provision and argued that § 1322(b)(5) did not apply. Reconsideration of the issues raised in the Motion to Reconsider relating to the NMHLPA (defined below) would not change the outcome of the Court's decision. The Court will withdraw the portion of its Memorandum Opinion that

---

[1] The Memorandum Opinion and order decided First National Bank, Motion for Summary Judgment on its Objection to Confirmation of Debtor's Plan (Doc. 30).
[2] All future statutory references are to Title 11 of the United States Code unless otherwise noted.

addresses Debtor's arguments regarding reinstatement of the loan under the NMHLPA, which was dicta. The Court will deny the Motion for Reconsideration in all other respects.

DISCUSSION

In opposing summary judgment, the Debtor relied in part on the New Mexico Home Loan Protection Act, N.M.S.A. 1978, §§ 58-21A-1 to -14 ("NMHLPA"), which authorizes "a borrower [under a home loan] . . . at any time prior to the time title is transferred . . . to cure the default and reinstate the home loan." The Motion to Reconsider asserts that the loan to FNB was reinstated under the NMHLPA. Debtor, therefore, requests the Court to reconsider its conclusion that Debtor failed to meet the confirmation requirements of § 1325(a)(5)(B)(ii) because Debtor contends she was only required under that provision to make the regular monthly payments due under the reinstated loan, not the entire balance of the loan over the term of the Plan.

<u>The Court's Ruling Relating to the New Mexico Home Loan Protection Act Was Dicta</u>

In its Memorandum Opinion, the Court reasoned that the NMHLPA contemplates that to reinstate a home loan, the borrower and the lender must be returned to the same position as if the default had not occurred. Because Debtor filed this chapter 13 case after having been granted a chapter 7 discharge, Debtor's personal liability on the loan made by FNB to Debtor secured only by her principal residence (the "Loan") was eliminated. The chapter 7 discharge changed Debtor's obligation from a recourse to a non-recourse obligation such that curing the default would not reinstate the borrower's obligation under the Loan to the same position as if no default had occurred. The Court therefore concluded that the Loan was not reinstated under the NMHLPA prior to commencement of the chapter 13 case. In her Motion to Reconsider, Debtor disputes the Court's conclusion that the Loan was not reinstated under the NMHLPA prior to the filing of this chapter 13 case.

-2-

The Debtor asserts that because she cured the default that resulted in acceleration of the Loan, and brought the Loan current, before she was granted a chapter 7 discharge, the Loan was reinstated under the NMHLPA as a recourse loan that placed the parties in the same position as if the default had not occurred, and only subsequently was the Loan made nonrecourse upon entry of the chapter 7 discharge. The Debtor argues further that upon her cure of the default, reinstatement if the Loan was effective immediately without any action on the part of FNB. FNB disputes the Debtor's construction of the NMHLPA's cure and loan reinstatement provisions.

It is unnecessary for the Court to consider altering its ruling relating to the NMHLPA. As explained below, regardless of whether the Loan was reinstated under the NMHLPA prior to the commencement of the chapter 13 case, Debtor's Plan does not satisfy the confirmation requirements of § 1325(a)(5)(B)(ii). Thus, this Court's ruling relating to the NMHLPA was dicta. The Court will withdraw its ruling relating to the NMHLPA.

Debtor's Plan did not satisfy the confirmation requirements of 11 U.S.C. § 1325(a)(5)

Debtor asserts that because the Loan was reinstated under the NMHLPA she is not modifying the Loan under the Plan, and, therefore, her treatment of the Loan under the Plan satisfies § 1325(a)(5)(B). This Court concluded to the contrary that because Debtor's Plan does not seek confirmation under § 1322(b)(5), which authorizes a debtor to cure any default and maintain payments to the lender on a loan secured only by the debtor's principal residence, the Plan must instead satisfy one of the three alternative requirements of § 1325(a)(5).[3] Therefore,

---

[3] The Court held that a debtor need not have a pre-petition arrearage or other default to provide in a chapter 13 plan for payment of a creditor's claim under § 1322(b)(5), the exception to the anti-modification provision of § 1322(b)(2). *See* Memorandum Opinion, p. 9. *See also Jones v. Branch Banking & Trust Co. (In re Jones)*, No. 05-07958-RDD, 2010 WL 11546121, at *3 (E.D.N.C. Feb. 9, 2010) ("There is . . . no principled basis for preventing a debtor from taking advantage of maintaining payments on a long-term debt under § 1322(b)(5) merely because the debtor has not defaulted, because the original agreement can be given effect without resort to a cure.").

because FNB has not accepted the Plan and Debtor is not proposing to surrender her home to the Bank,[4] Debtor must satisfy § 1325(a)(5)(B), including § 1325(a)(5)(B)(ii). That subsection provides:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim.

§ 1325(a)(5)(B)(ii). The Court held that satisfaction of § 1325(a)(5)(B)(ii) would require Debtor to pay the entire debt owed to FNB over the term of the Plan, with interest. This requirement is not affected by whether the loan was reinstated and deaccelerated as of the date Debtor filed her chapter 13 case. Section 1325(a)(5)(B)(ii) requires that "the value . . . of property to be distributed under the plan on account of such claim" be "not less than the allowed amount of such claim." Because FNB is oversecured, Debtor would have to pay the entire amount of FNB's claim over the plan term to satisfy § 1325(a)(5)(B)(ii).

The Court recognizes that at least one court has ruled that a plan is confirmable under § 1325(a)(5)(B)(ii) where payments on a long-term home loan continue after the plan term. *See Matter of Gordon*, 217 B.R. 973, 976 (Bankr. S.D. Ga. 1997). *See also In re Nieves*, 647 B.R. 809, 826-28 (1st Cir. BAP 2023) (collecting cases and characterizing *Gordon* as adopting a minority view). The *Gordon* court interpreted "property to be distributed under the plan on account of such claim" as not requiring that the property be distributed by the end of the plan term. *Gordon*, 217 at 976. This Court concludes that the language of §1325(a)(5)(B)(ii) is not reasonably susceptible to that construction.

---

[4] Section 1325(a)(5) has three alternatives:  subsection (A) provides that "the holder of such claim has accepted the plan;" subsection (C) provides that "the debtor surrenders the property securing such claim to such holder[.]"

If payments are made on a claim after the end of the plan term, such payments are not made "under the plan."[5] The requirement in § 1325(a)(5)(B)(ii) that "the value, as of the effective date of the plan, of property to be distributed *under the plan* on account of such claim is not less than the allowed amount of such claim" (emphasis added) means that such distributions must be made by the end of the plan term. And because Debtor's Plan seeks confirmation only under § 1325(a)(5), Debtor must, but cannot, satisfy § 1325(a)(5)(B)(ii) unless she pays FNB the full value of its claim over the plan term regardless of whether the Loan was reinstated by operation of the NMHLPA.

CONCLUSION

For the forgoing reasons, the Court will not alter its ruling that the Debtor failed to satisfy the chapter 13 plan confirmation requirements of §1325(a)(5) and therefore the Plan could not be confirmed under that section. The Court hereby withdraws its ruling under the NMHLPA and makes no decision regarding the NMHLPA. Construction and application of the NMHLPA is unnecessary to the Court's decision not to confirm the Plan.

---

[5] Construction of "under the plan" as not limited to payments or distributions during the plan term is inconsistent with other provisions in the Code that also use the phrase "under the plan." With exceptions, § 1328 provides that a debtor will be granted a discharge "as soon as practicable after completion by the debtor of all payments *under the plan*." Section 1329 permits a post-confirmation plan modification "before the completion of payments *under the plan*." Those provisions contemplate that completion of payments "under the plan" occurs when all payments required to be made by the end of the 3-to-5-year plan term have been made. Otherwise, a debtor who is continuing to pay a long-term prepetition debt after end of the 3-to-5-year plan term would not be granted a discharge after completing all payments during the plan term because the post-plan term payments on the long-term pre-petition debt would still be considered payments "under the plan." Further, under such constrained construction of "under the plan" to include payments beyond the end of the plan term, a debtor could seek to modify the payments to creditors treated in the plan years after the plan term ends.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Reconsider is granted, in part, by withdrawing the Court's ruling that the Loan was not reinstated under the NMHLPA, and otherwise is DENIED.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 20, 2026

COPY TO:

R. Trey Arvizu, III
Attorney for Debtor
715 E Idaho Ave, Ste 3f
Las Cruces, NM 88001

Rebekah Anne Courvoisier
Courvoisier Law, LLC
Attorney for First National Bank
PO Box 5
Santa Fe, NM 87504